FILED

IN THE GENERAL COURT OF JUSTICE

SUPERIOR COURT DIVISION

2022 APR 11 P 3: 1 DOCKET - XXXX

CABARRUS COUNTY C.S.C.

STATE OF NORTH CAROLINA

COUNTY OF CABARRUS

BY

VINCENT MARK RICCORDELLA and

MICHELLE RICCORDELLA

INITIAL COMPLAINT

     Plaintiff

Vs.

FANDUEL GROUP

     Defendant

---

## Facts in Common:

1. Plaintiffs (Vincent Mark and Michelle Riccordella) are citizens of Cabarrus County residing at 5015 Avent Ct. NW Concord 28027.

2. Defendant (Fanduel Group or Fanduel) is a business headquartered at 300 Park Avenue South New York NY 10010. Defendant has substantial business dealings in the state of North Carolina and Cabarrus County through its marketing and sale of Fantasy Sports wagering.

3. Therefore, this action for damages is within the jurisdictional limits of this court.

4. Between the dates May 14, 2021, and January 18, 2022, Defendant took through fraudulent means $87,200 dollars from a checking account of the Plaintiffs' at Peapack Gladstone Bank (the Bank).

5. Plaintiffs are the **only** authorized owners of this checking account, all property in the form of cash on deposit is solely the property of the Plaintiffs.

6. At no time during this period or at any time did the Plaintiffs authorize these funds to be taken out of their bank account nor did the Plaintiffs receive or attempt to collect any property in exchange for these withdrawals.

7. Defendant is indebted to the Plaintiff in the amount of $87,200 dollars plus interest.

8. As this is not the Plaintiffs main checking account, these withdrawals were not discovered until February 23, 2022, when Plaintiff checked this account due to an alleged fraudulent charge from another vendor (a national fast-food restaurant).

9. In reviewing transaction on the account which the Plaintiff expected to be only a few small regular monthly payments and perhaps the fraudulent transaction referenced above. Plaintiff discovered that there were dozens of large transactions (withdrawals) to Fanduel (The Defendant) which all told added up to $87,200 dollars. See attached schedule marked Exhibit A.

10. These withdrawals went from as far back as May 14, 2021, to the final transaction on January 18, 2022, which was three days prior to discovery by the Plaintiff and the subsequent closing of the account. They started out as small withdrawals of fifty or a hundred dollars and then steadily increased into what was thousands of dollars a day

toward the end of the scam. (Plaintiffs have come to understand that this pattern is a common method of operation for online scammers and thieves).

11. Plaintiff immediately reached out to Peapack Gladstone Bank and closed the account in question and asked for an immediate investigation of these withdrawals and an immediate return of the stolen funds.

12. During the Bank's investigation, Defendant denied that the transactions were fraudulent and claimed they had authorization from the Plaintiffs to make the withdrawals. Plaintiffs adamantly deny this claim and maintain and will testify under oath that this authorization never occurred.

13. Defendant has not provided any proof to their claim that the withdrawals were valid and authorized by the Plaintiff.

14. Defendant refused to return the money to Peapack Gladstone Bank to redeposit into Plaintiff's checking account.

15. In refusing to return the Plaintiff's funds to the Plaintiff, Defendant has committed theft by fraud and illegal taking.

16. Concurrent to the Bank's investigation, Plaintiffs reached out to Defendant directly on numerous occasions and were never given an answer to their inquiries and never received anything that would justify these unauthorized charges.

17. Having gotten no satisfactory answers to where the money is or why it was taken and having not gotten their property returned to them, Plaintiff has no choice but to seek justice in the form of the return of the stolen funds with interest as well as other damages from this Court.

18. Attached hereto and incorporated hereto by reference are Plaintiff's Exhibits and Affidavits which set forth the Plaintiff's claim against Defendant.

## Complaints:

### Count 1 - Civil theft

19. The Defendant (Fanduel) took Plaintiff's property in the sum of $87,200 dollars through unauthorized bank withdrawals. The account that the Defendant took funds from belongs exclusively to the Plaintiffs (Michelle and Vincent Mark Riccordella). Plaintiffs never authorized the Defendant to take their property and never received any consideration for the funds taken. Plaintiffs have made numerous requests to the Defendants to return the funds and to date all requests have been ignored.

### Count 2 – Unlawful Enrichment.

20. Defendant has had use of the Plaintiff's property for several months including the recent time when they were made aware that they weren't entitled to the funds. Defendants' refusal to return the funds which they can not prove they are rightfully entitled to is an unlawful denial of the property to the rightful owners, the Plaintiffs. Denial of these funds to the rightful owners have deprived Plaintiffs of their ability to explore business opportunities as well as other investment opportunities availed to them during this period.

## Count 3 – Breach of Promissory Estoppel

21. Defendant claims on its website and in its filings to do business in various states throughout the country (including North Carolina) that it has vigorous anti-fraud and anti-money laundering procedures in place to insure they are protecting citizens (both customers and innocent bystanders like the Plaintiffs) against financial predators. Defendant also claims to be concerned about Gambling addiction and claims to monitor activity to ensure that gambling addicts are identified and blocked from the platform for their own protection. Defendant's security and monitoring procedures as it relates to money laundering and fraud should have caught the activity in Plaintiff's account long before it was eventually discovered by Plaintiff. Defendants monitoring for excessive or compulsive gambling while not applicable in this case demonstrates Fanduel's deceit in its claims of security and monitoring that is well advertised by the company and promised in its petitions to conduct business in North Carolina. Had the Plaintiffs not discovered the unauthorized transfers on their own, there is no telling how much more money might have been withdrawn from the Plaintiffs account.

## Prayer:

22. Plaintiffs prays for full restitution of and asks this Court to instruct the Defendant to return all funds stolen ($82,700 dollars) by the Defendant to the Plaintiff.

23. Plaintiffs prays for interest on the stolen funds in the amount to be determined by the Court.

24. Plaintiff prays for reimbursement of all legal fees and expenses associated with this action. Plaintiff prays for punitive damages in an amount to be determined by the court to discourage and otherwise warn FanDuel and any other financial predators from committing the acts described above to any other citizens of the state.

Summitted to this Court on this date April 11, 2022

_____
Vincent Mark Riccordella

_____
Michelle Riccordella